Jared Lefkowitz, Esq. (JL 6920)
48 Wall Street, 11th Floor
New York, NY 10005
Tel (917) 887-3920
Fax (917) 591-8991
Email: JaredLefkowitz@yahoo.com
*Attorney for Plaintiff Laura Ward*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LAURA WARD,                                                Case No.  08 cv 6364

          Plaintiff,

  - against -

                                    **COMPLAINT**

MADISON SQUARE GARDEN, LP,
SCOTT AOKI,
GIOVANNI LLERENA,
CHARLES TROCCOLI, and
JOHN MORAN,

                                    JURY TRIAL DEMANDED

          Defendants.
------------------------------------------------------X

      Plaintiff Laura Ward, by and through her counsel Jared Lefkowitz, Esq., as and for her Complaint against the above named Defendants, alleges as follows:

      1.  This is an action under Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq., 42 USC §1981, the New York State Human Rights Law §290 *et seq.*, and the New York City Administrative Code §8-101 *et seq.* to recover for employment discrimination and retaliation based upon plaintiff's sex.

1

## PARTIES, JURISDICTION, AND VENUE

2.  Plaintiff Laura Ward a member of a "protected class," a female, and she resides at 539 West 49th Street, Apt. 1-D, New York, NY 10019.

3.  Upon information and belief defendant Madison Square Garden, LP "(MSG)" is a corporation authorized to do business in the State of New York, with a business address at Two Pennsylvania Plaza, New York, NY 10121.

4.  Upon information and belief defendant Scott Aoki is an individual who is an officer/employee of defendant MSG, with a business address at Two Pennsylvania Plaza, New York, NY 10121.

5.  Upon information and belief defendant Giovanni Llerena is an individual who is an officer/employee of defendant MSG, with a business address at Two Pennsylvania Plaza, New York, NY 10121.

6.  Upon information and belief defendant Charles Troccoli is an individual who is an officer/employee of defendant MSG, with a business address at Two Pennsylvania Plaza, New York, NY 10121.

7.  Upon information and belief defendant John Moran is an individual who is an officer/employee of defendant MSG, with a business address at Two Pennsylvania Plaza, New York, NY 10121.

8.  All of the individual defendants herein are male.

9. This Court has subject mater jurisdiction based upon Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq., and 42 USC §1981, and supplemental jurisdiction pursuant to 28 USC §1367.

10. Plaintiff filed a claim with the EEOC in or about July 2005.

11. The EEOC issued a Determination dated August 10, 2007 in which it found that the plaintiff's EEOC filing was timely, and that "there is reasonable cause to believe [plaintiff] and a class of female employees were subjected to sex discrimination in regards to their job assignments."

12. Plaintiff received a right to sue letter from the EEOC on or about April 22, 2008.

**FACTS APPLICABLE TO ALL COUNTS**

13. In or about March 1992 plaintiff began working for defendant MSG.

14. Plaintiff began as a "Utility Runner" in the suite and catering department.

15. In January 1994 plaintiff was promoted to "Suite Attendant."

16. Plaintiff is fully qualified for such positions and at all times plaintiff performed her duties competently and diligently.

17. At the end of the 2003/2004 season, plaintiff asked her manager, defendant Scott Aoki, if she could be assigned to the shift known as "Press AM,"

locker rooms for the Knicks and Rangers.  Based upon plaintiff's seniority, this should have been no problem.

18. Plaintiff received no answer to her request.

19. On or about April 14, 2004 plaintiff made the same request to her co-manager, defendant Giovanni Llerena, and again to Scott Aoki on April 17, 2004.

20. Plaintiff was denied the shift assignment.

21. On or about April 25, 2004, the less senior but male employee, Jorge Camacho, was assigned the shift requested by plaintiff.

22. Not only was the male employee given the shift requested by plaintiff, but such male employee was permitted to work two overlapping shifts.

23. In plaintiff's time working for MSG, no employee had ever before been permitted to work two shifts simultaneously.

24. Plaintiff informed a shop steward that she intended to file a grievance for this situation.  The shop steward then told Scott Aoki of plaintiff's intention.

25. From that point on, the managers Scott Aoki and Giovanni Llerena retaliated against plaintiff every chance they got by failing and refusing to assign plaintiff to advantageous shifts.

26. On one occasion, Giovanni Llerena cornered plaintiff in a walk-in

refrigerator and threatened plaintiff.

27. On October 6, 2004 plaintiff spoke with defendant's employee relations representative Ann Jackson.

28. A meeting, at Ms. Jackson's instigation, was scheduled with Scott Aoki on October 22, 2004. Scott Aoki had no explanation for his refusal to assign certain shifts to plaintiff.

29. Then, on February 4, 2005, Giovanni Llerena stated in front of several witnesses that plaintiff would not be assigned the shift because of her gender and that to his knowledge no woman had ever done that shift. Scott Aoki and Giovanni Llerena stated that this determination came from their bosses defendants Charles Troccoli (SVP of food and merchandise operations) and John Moran (head of employee relations).

30. The male employee Jorge Comacho has been given, in the 2004/2005 season, more than 500 more hours than plaintiff. The same is true for other, less senior, similarly situated male employees.

31. Defendants willfully, knowingly, and intentionally discriminated against plaintiff and retaliated against her in terms of her condition of employment, promotion, and wages, due to her sex.

## FIRST COUNT

32. For the reasons alleged above, defendants discriminated against plaintiff due to her sex in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq., and 42 USC §1981.

33. Plaintiff seeks damages in excess of $6,000, future earnings, raises, bonuses, gratuities, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

## SECOND COUNT

34. For the reasons alleged above, defendants retaliated against plaintiff and discriminated against her due to her sex in violation of Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq., and 42 USC §1981.

35. Plaintiff seeks damages in excess of $6,000, future earnings, raises, bonuses, gratuities, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

## THIRD COUNT

36. For the reasons alleged above, defendants discriminated against plaintiff due to her sex in violation of New York State Human Rights Law §290 *et*

*seq*.

37. Plaintiff seeks damages in excess of $6,000, future earnings, raises, bonuses, gratuities, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

### FOURTH COUNT

38. For the reasons alleged above, defendants retaliated against plaintiff and discriminated against her due to her sex in violation of New York State Human Rights Law §290 *et seq*.

39. Plaintiff seeks damages in excess of $6,000, future earnings, raises, bonuses, gratuities, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

### FIFTH COUNT

40. For the reasons alleged above, defendants discriminated against plaintiff due to her sex in violation of the New York City Administrative Code §8-101 *et seq*.

41. Plaintiff seeks damages in excess of $6,000, future earnings, raises, bonuses, gratuities, other benefits she would have received, punitive damages to be

determined, costs, attorneys fees, and any other damages available under the statute(s).

## SIXTH COUNT

42. For the reasons alleged above, defendants retaliated against plaintiff and discriminated against her due to her sex in violation of the New York City Administrative Code §8-101 *et seq*.

43. Plaintiff seeks damages in excess of $6,000, future earnings, raises, bonuses, gratuities, other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s).

## SEVENTH COUNT

44. For the reasons alleged above, plaintiff has suffered damages for emotional distress in an amount to be determined at trial.

**WHEREFORE**, plaintiff demands judgment as follows:

A. On the first count, damages in excess of $6,000, future earnings, commissions, raises, bonuses, and other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

B. On the second count, damages in excess of $6,000, future

earnings, commissions, raises, bonuses, and other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

C. On the third count, damages in excess of $6,000, future earnings, commissions, raises, bonuses, and other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

D. On the fourth count, damages in excess of $6,000, future earnings, commissions, raises, bonuses, and other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

E. On the fifth count, damages in excess of $6,000, future earnings, commissions, raises, bonuses, and other benefits she would have received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

F. On the sixth count, damages in excess of $6,000, future earnings, commissions, raises, bonuses, and other benefits she would have

      received, punitive damages to be determined, costs, attorneys fees, and any other damages available under the statute(s);

G.    On the seventh cause of action, damages in an amount to be determined at trial; and

D.    Such other and further relief as this Court deems just and proper.

Dated:    New York, New York
July 15, 2008

_____/S/_____
Jared Lefkowitz, Esq. (JL 6920)
48 Wall Street, 11th Floor
New York, NY 10005
Tel (917) 887-3920
Fax (917) 591-8991
Email: JaredLefkowitz@yahoo.com
*Attorney for Plaintiff*